**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JADA DAVIS BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-132-SEP |
| ) | |
| ROBERT M. HEGGIE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on two pending motions of self-represented Plaintiff Jada Davis Bey for leave to commence this civil action without payment of the required filing fee. Docs. [2], [11]. Having reviewed the financial information provided on Plaintiff's second Application to Proceed in District Court without Prepaying Fees or Costs (the "Application"), the Court finds the motions should be granted. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## The Complaint

On January 28, 2020, Plaintiff filed a Court-provided form complaint asserting she is bringing this action "in violation of [her] civil rights." Doc. [1] at 3. Plaintiff appears to bring her claims pursuant to "§ 154 [n] (or 1847) under organic law art. 1 § 2" and 12 U.S.C. § 411. *Id*. at 6. The named Defendants are Robert M. Heggie (Judge); Randall John Reinker (Attorney); Joan M. Gilmer (Circuit Clerk); The Groves Townhomes and Apartments; Circuit Court of St. Louis County, Missouri; Circuit Clerk; and Molly E. Dougherty (Attorney). All Defendants are sued in their official and individual capacities.

>Plaintiff states her claims against Defendants in one short paragraph:
>
>Robert M. Heggie – Judge and Randall John Reinker, and Joan M. Gilmer, The Grove Townhouse and Apartments, the Circuit Clerk Office, the 21st Circuit Court, and Molly E. Dougherty, all conspired and acted in concert and did forge my signature of fraudulent Court documents on Aug. 13, 2019 in Division 42T in Case Number 19SL-AC19388, and then Robert M. Heggie Executed a garnishment against Jada Davis, and forged or photocopied a signature of mine onto false documents and Circuit Clerk Joan M. Gilmer stamped and filed said false and fraudulent documents into the Public Record and on Casenet, and Robert M. Heggie Lied on said court document – Exhibit A and wrote that Jada Davis consented to false and fraudulent document.  I believe Placing these documents on the Public record prevented me / Jada Davis from being able to Rent a Apartment which caused me to have to check back into the Mark Twain Hotel in 11-XX-2019.  The Office Never even called to tell me that they weren't going to Rent to Jada Davis.

*Id*. at 5.

Plaintiff seeks $429,078,000 and $200,000,000 in damages.

Attached to Plaintiff's complaint is an Order and Judgment from the Circuit Court of the County of St. Louis signed by Judge Robert M. Heggie and dated August 14, 2019.  Doc. [1-1]. The Order and Judgment disposed of a lawsuit brought by St. Louis Angel Enterprises, L.L.C., against Jada Bey, the plaintiff here, for occupying property without a lease or occupancy permit. The Circuit Court awarded damages against Jada Bey and ordered her to vacate the property. Also attached to the complaint is a handwritten document entitled "Notice of Appeal & Decree of Title in Trespass to Lands."  Doc. [1-3].  It appears Plaintiff is also attempting to appeal the state court's judgment in addition to bringing her conspiracy claims against the named Defendants.

On February 18, 2020, Plaintiff filed a supplement to her complaint, in which she attached "medical records and storage debt record."  Doc. [6].  On March 9, 2020, Plaintiff refiled her original form complaint with a few handwritten notes.  Doc. [9].  For example,

3

Plaintiff wrote the word "prosecutor" after her name in the caption and crossed out "Civil Complaint" and wrote "Amended Claim." Plaintiff did not include any additional claims or revise the statement of facts from her original complaint.

## Discussion

Plaintiff alleges that all seven Defendants "conspired and acted in concert" to forge her signature on court documents which resulted in her being unable to rent an apartment. Plaintiff does not allege any additional facts to support a conspiracy. Conclusory allegations are insufficient to support a conspiracy claim. To properly plead a claim for conspiracy, a litigant must include factual allegations showing a "meeting of the minds" concerning illegal conduct; there must be something more than the summary allegation of a conspiracy. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff's allegations are broad and conclusory, lacking an arguable basis in fact. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (complaint subject to dismissal under § 1915(d) if allegations of conspiracy are inadequate); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (allegations of conspiracy must at least include that "'defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding'" and provide some facts suggesting a meeting of minds) (citations omitted).

Moreover, factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). The Court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless," "fantastic," or "delusional." *Id.* at 32-33. Unsupported conclusory factual allegations also may be

4

"clearly baseless." For example, a district court may properly dismiss a complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing and provides no operative facts in support of the naked assertion of a conspiracy between a state judge and private defendants, such as Defendants Randall John Reinker, Molly E. Dougherty, and The Groves Townhomes and Apartments here. *See Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Eleventh Circuit reasoned that an *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Id.* (*citing Cruz v. Beto,* 405 U.S. 319, 326-27, (1972)); *accord*, *Denton,* 504 U.S. at 33.

Moreover, Plaintiff's citation to "§ 154 [n] (or 1847) under organic law art. 1 § 2" and 12 U.S.C. § 411, presumably to establish this Court's jurisdiction, do not apply to the instances outlined in the complaint. The Court is unable to identify "§ 154 [n] (or 1847)," and 12 U.S.C. § 411 is a statute that authorizes federal reserve notes and establishes the process for Federal Reserve Banks to apply for federal reserve notes. None of these cited provisions provides a private right of action for her conspiracy claims or a basis for this Court's jurisdiction.

Lastly, it appears Plaintiff is attempting to appeal a state court judgment in addition to bringing her conspiracy claims against the named Defendants. Attached to Plaintiff's complaint is a handwritten document titled, "Notice of Appeal & Decree of Title in Trespass to Lands."

Pursuant to the *Rooker-Feldman* doctrine,[1] "[f]ederal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Ace Construction v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001); *see also Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). An action is, in effect, an appeal of the state court judgment "[i]f the federal court can only provide relief by determining that the state court was wrong." *Id.* Thus, to the extent that Plaintiff is, in effect, seeking federal review of a state court's order against her, this Court lacks subject matter jurisdiction over the action. *Cf. Ernst v. Child and Youth Serv. of Chester County*, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment). "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998); *see also Postma*, 74 F.3d at 162.

Thus, liberally construing the complaint, Plaintiff's allegations against Defendants do not survive review under 28 U.S.C. § 1915(e)(2)(B). The complaint fails to state a claim as it lacks an arguable basis in law or in fact. It will be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

---

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

**Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel. Doc. [3]. The motion will be denied as moot as this action is being dismissed for failure to state a claim and as factually frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to proceed in forma pauperis (Docs. [2], [11]) are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and as factually frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. [3]) is **DENIED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of July, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE